**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILFREE Y. LEBRON-CRUCETA** <br> **v.** <br> **JAMAL JAMISON, *et al.*** | **CIVIL ACTION** <br> **No. 26-8690** |

**Henry, J.** **November 18, 2026**

**MEMORANDUM**

Wilfree Yohan Lebron-Cruceta was arrested during and because of the pendency of firearms and evading arrest charges. He petitioned the court for a writ of habeas corpus, claiming that his detention unlawfully violates constitutional, statutory, and regulatory procedural protections for noncitizens who have been inside the country for some time. For the reasons that follow, I grant Lebron-Cruceta's petition and order his immediate release.

## I. Background

On November 13, 2026, Lebron-Cruceta filed a petition for a writ of habeas corpus. ECF 1 ("Pet'n"). The petition alleges that he was born in the Dominican Republic, that he entered the United States without inspection or admission on February 1, 2023, and that he was "[a]t the time of [his] entry" detained by the respondents' agents in Texas. Pet'n ¶¶ 1–3, 13. He convinced an agent that he had a credible fear of return to the Dominican Republic and was granted interim parole under INA § 212(d)(5)(A). *Id.* ¶ 6. Then, on November 10, 2026, Lebron-Cruceta was detained outside of his residence in Philadelphia, where he is currently detained in the Federal Detention Center *Id.* ¶¶ 8–9.

The respondents have offered no dispute as to the factual content of the petition, nor have they indicated the need to take further evidence. I therefore proceed to the petitioner's objection to his detention under 8 U.S.C. § 1225(b)(2)(A).

## II. **Discussion**

Lebron-Cruceta claims that his detention violates constitutional due process guarantees, the mandatory detention provisions of the Immigration and Nationalization Act, immigration bond regulations authorized under that act, and the protections of the Administrative Procedures Act. The respondents argue that Lebron-Cruceta's detention is permitted under their reading of 8 U.S.C. § 1225(b)(1), a reading they do not rehearse even in summary.

In substance, Lebron-Cruceta argues that his detention is reached by the Third Circuit's holding from *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 293 (3d Cir. 2026) that the government may not classify a noncitizen as "seeking admission" and therefore subject to mandatory detention where those noncitizens have been in this country for some years. The petitioners in *Buele Morocho* had entered the United States without admission or parole, *id.* at 292 n.2, and the court held that the mandatory detention provision under § 1225(b)(2) was inapplicable because, although these petitioners were applying for admission, they were not *seeking* admission. *Id.* at 294.

Although the holding of *Buele Morocho* begins from a close analysis of the terms in paragraph § 1225(b)(2), it reflects some broader analysis of subsection § 1225(b) generally. "The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." *Id.* at 299; *see Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (plurality).

The respondents, however, do not set out a whole argument for why Lebron-Cruceta is covered by the detention provision at § 1225(b)(1). At best, they cite Lebron-Cruceta's having been "initially processed for expedited removal following his unlawful entry into the United States," although he is no longer in expedited removal proceedings. Opp. 2. They acknowledge that this Court has previously rejected their reading of § 1225(b)(1), citing *Vargas Quejada v. Jamison*, No. 26-cv-914 (E.D. Pa. Feb. 17, 2026); *Green v. Jamison*, No. 26-cv-773 (E.D. Pa. Feb. 26 2026); *Zavala Ulloa v. Jamison*, No. 26-cv-823 (E.D. Pa. Feb. 20, 2026); *Nawab Ali v. Jamison*, No. 26-cv-729 (E.D. Pa. Feb. 19, 2026); *Vazquez-Diaz v. Rose*, No. 26-cv-342 (E.D. Pa. Feb. 10, 2026); *Seminario-Marcos v. Jamison*, No. 26-cv-421 (E.D. Pa. Feb. 6, 2026); and *Talabadze v. Rose*, No. 26-cv-360 (E.D. Pa. Jan. 30, 2026).[*] They then assert that Lebron-Cruceta is properly detained "for the reasons set out, and rejected, in their responses in the foregoing prior cases" and "do not restate those reasons here." Opp. 3.

The Court appreciates the respondents' candor in substantiating something like a local consensus view. Under the circumstances—in the absence of contrary argument—it will submit to that view. *See* Loc. Civ. R. 7.1(c).

## III. Conclusion

For the reasons given above, Lebron-Cruceta's present detention under § 1225(b) is unlawful, and he must be released.

---

[*] The respondents cite *Ribeiro v. Jamison*, No. 2:26-cv-02326-JDW, 2026 WL 1413551, at *3 (E.D. Pa. May 20, 2026) as contrary authority in this Court. They read *Ribeiro* as "reconsidering" the previous case *Villarreal Torres v. Jamison*, No. 26-cv-2000, 2026 WL 937929 (E.D. Pa. Apr. 7, 2026). Yet, *Ribeiro* explicitly clarifies both a factual distinction between the two cases and a failure to make an argument in the prior, which itself does not alter the holding of *Villareal Torres*. 2026 WL 1413551 at *6 & n.6. The failure to make an argument can be dispositive. *Id.*